IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DAVID ALLAN CARNELL,

                    Plaintiff,

          v.                                    CASE NO. 12-3020-SAC

JOHN CARR, et al,

                    Defendants.


O R D E R

     This matter comes before the court on a form complaint for filing under 42 U.S.C. § 1983, submitted pro se by a prisoner confined in the Linn County jail in Mound City, Kansas.  Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

     *In Forma Pauperis Status - 28 U.S.C. § 1915*

     Plaintiff must pay the full $350.00 filing fee in this civil action.  *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee).  If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

     Plaintiff documents that no prisoner financial records are available at the Linn County jail.  Given plaintiff's apparent lack of financial resources, the court grants plaintiff provisional leave to proceed in forma pauperis, subject to the court revisiting

plaintiff's indigent status if additional financial information become available.  Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).  To state a claim under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1988).

In the present case, plaintiff seeks damages from Linn County Sheriff John Carr, and Linn County on allegations that defendants provide no proper disciplinary or protective housing at the jail, and that he was physically attacked by a prisoner presenting an obvious and known threat to plaintiff's safety.  The court finds a response is required on these allegations.[1]

IT IS THEREFORE ORDERED that plaintiff's motion for leave to

---

[1]Plaintiff also claims the jail does not provide proper housing for handicapped prisoners.  Plaintiff does not allege he is handicapped, but instead claims he is required to assist one or more handicapped prisoners with daily functions such as toileting and showering.  These allegations of being required to assist handicapped prisoners present no plausible claim that *plaintiff's* constitutional rights are thereby being violated by defendants. Accordingly, no response is warranted on these particular allegations.

proceed in forma pauperis (Doc. 2) is provisionally granted without assessment of an initial partial filing fee, and that payment of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that a response from defendants is required.  The clerk's office is to prepare waiver of service of summons forms for each defendant, for service by the United States Marshal Service at no cost to plaintiff absent a showing that plaintiff is able to pay the cost of such service.

The clerk's office is to send a copy of this order to the County Counselor for Linn County.

**IT IS SO ORDERED.**

DATED:  This 1st day of February 2012 at Topeka, Kansas.


_s/ Sam A. Crow_
SAM A. CROW
U.S. Senior District Judge

3