IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID ALLAN CARNELL,

        Plaintiff,

v.                                                  Case No. 12-3020-SAC

JOHN CARR and BARRY WALKER,

        Defendants.

MEMORANDUM AND ORDER

This Section 1983 case filed by a prisoner comes before the Court on Defendants' motion to dismiss, to which the Plaintiff, acting pro se, has filed no response. The Court previously reminded the Plaintiff of the due date for his response and informed him that if he did not file a timely response, the Court would consider and decide the motion as uncontested, without further notice. *See* Dk. 17. Accordingly, the Court considers Defendants' motion to be unopposed.

**I. Standard for Motion to Dismiss**

In deciding a Rule 12(b)(6), a court accepts as true "all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1142 (2010). This duty to accept a complaint's allegations as true is tempered by the principle that "mere labels

and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss, "a complaint [must] contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.' " *Al–Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, "a plaintiff must offer sufficient factual allegations to 'raise a right to relief above the speculative level.' " *Kansas Penn Gaming*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). " 'A claim has facial plausibility when the [pleaded] factual content … allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1178 (10th Cir. 2012). "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming*, 656 F.3d at 1214.

### A. Section 1983 Claims, generally

The 12(b)(6) plausibility standards "vary based on context." *Kansas Penn Gaming*, 656 F.3d at 1215 (citation omitted). In § 1983 actions against public officials sued for damages in their personal capacities and entitled to qualified immunity, "[t]he Twombly standard may have a greater bite ... appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of litigation." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (internal quotation marks and citations omitted). This is a particularly true with § 1983 actions involving "complex claims against multiple defendants." *Smith v. United States*, 561 F.3d at 1104, as the panel in *Robbins* explained:

> We reiterate that context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case. In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

519 F.3d at 1249–50 (internal quotation marks and citations omitted).

### B. Prisoner Claims, specifically

The Tenth Circuit recognizes that the unique nature of prisons also affects the plausibility of a prisoner's claim:

> Prisons are a unique environment, and the Supreme Court has repeatedly recognized that the role of the Constitution within their walls is quite limited. Government conduct that would be unacceptable, even outrageous, in another setting may be acceptable, even necessary, in a prison. Consequently, a prisoner claim will often

not be plausible unless it recites facts that might well be unnecessary in other contexts.

*Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010).

## II. Pro Se Parties

A pro se litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court is to "make some allowances for 'the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.' " *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Hall, 935 F.2d at 1110). However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). The court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). The court does not assume the responsibility of "searching the record" in favor of the plaintiff. *Garrett*, 425 F.3d at 840. Moreover, a pro se litigant is expected to "follow the same rules of procedure that govern other litigants." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (internal quotation marks and citation omitted).

## III. Documents Considered in Addition to Complaint

Defendants' motion includes two exhibits: a copy of Plaintiff's lawsuit against the inmate who assaulted him in the Linn County jail, and a copy of four photographs showing Carnell's injuries (Exh 2, Dk. 18, under seal). In deciding a 12(b)(6) motion to dismiss, the Court usually looks only to the Complaint itself. But the Court may properly take judicial notice of the related lawsuit. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Similarly, the Court may consider the photographs because they are referred to in the complaint (Dk. 1, p. 5), are central to the plaintiff's claim, and the parties do not dispute their authenticity. *See Pace v. Swerdlow*, 519 F.3d 1067 (10th Cir. 2008).

## IV. Undisputed Facts

Plaintiff filed this suit against the Head Jailer, John Carr, and the Linn County Sheriff, Barry Walker, on January 12, 2012. Plaintiff alleges that another inmate, James Rocky Allen, attacked him on Christmas Eve while they were housed together in the Linn County Jail. Plaintiff contends that Allen was being held on high-profile charges, was subject to a $1,000,000 bond, and had previously been aided by unidentified law enforcement officials in committing physical violence and/or suicide attempts.

Plaintiff seeks $20,000 from Defendants, alleging he was physically assaulted by and improperly housed with Allen. Specifically, plaintiff claims that Defendants failed to provide proper disciplinary or protective housing at

the jail, and that he was physically attacked by a prisoner presenting an obvious and known threat to plaintiff's safety.[1] Defendants do not dispute that Plaintiff was assaulted by Allen as Plaintiff alleges. Plaintiff seeks no prospective relief, and has not named Linn County or its Commissioners as defendants. The Court assumes, in an abundance of caution, that Plaintiff sues the Defendants in both their official and their individual capacities.

**V. Analysis**

" 'To state a claim under [42 U.S.C.] § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.' " *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The Court presumes the Plaintiff intends to state a claim under the Eighth Amendment.

> "To establish a cognizable Eighth Amendment claim for failure to protect [an inmate from harm by other inmates], the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm[,] the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Verdecia v. Adams,* 327 F.3d 1171, 1175 (10th Cir.2003) (internal quotation marks omitted). Mere negligence does not constitute deliberate indifference; deliberate indifference is equivalent to recklessness in this context. *Id.*

*Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006).

---

[1] The Complaint also includes a claim that the jail does not provide proper housing for handicapped prisoners, and that Plaintiff was required to assist them with daily functions. The Court previously dismissed that claim. Dk. 3, p. 2, n. 1.

### A. Individual Capacity Claims

Individual capacity "suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability. *Brown v. Montoya*, 662 F.3d 1152 (10th Cir. 2011).

### 1. Personal Liability

Personal liability "under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).

### a. Personal Participation

Plaintiff's Complaint fails to allege Walker or Carr's personal participation in the events which lead to Plaintiff's injury. It alleges that the jail lacks disciplinary segregation and protective custody housing for inmates; that inmates with physical and known mental problems were housed in his cell; that on December 24th, 2011, a problem inmate (Allen) who had previously been housed in a one-man detox cell was put into his cell; that Allen assaulted Plaintiff while Plaintiff was sleeping; that Plaintiff suffered physical and emotional damages from the assault; and that the Jailer and the Sheriff repeatedly put Plaintiff in harm's way by housing him with Allen and other uncontrollable inmates known to have anger or mental issues and by not timely providing such inmates their medications.

Plaintiff's Complaint fails to allege a single, personal act committed by either of the Defendants that would give rise to liability. Plaintiff has the burden to provide fair notice of the grounds for the claims made against each of the Defendants. Collective allegations against the State or against the "Defendants" do not suffice. S*ee Robbins*, 519 F.3d at 1250. The need for individualized allegations is especially important where, as here, "each of the defendants had different powers and duties." *Tonkovich v. Kansas Bd. of Regents,* 159 F.3d 504, 532 (10th Cir. 1998). Plaintiff's Complaint fails to identify specific actions taken by particular defendants that could form the basis of a constitutional violation.

### b. Deliberate Indifference

Additionally, even assuming that the conditions at the jail as alleged in the Complaint posed a substantial risk of serious harm to the Plaintiff, Plaintiff fails to allege deliberate indifference by either Walker or Carr. Plaintiff fails to allege how either Defendant knew, or why they should have known, that Allen was likely to attack the Plaintiff. A plaintiff must allege factual causation in order to state a claim under § 1983. *Scott v. Hern*, 216 F.3d 897, 911 (10th Cir. 2000).

Plaintiff must connect the background of this particular inmate to the particular constitutional violation the Plaintiff suffered. *See Board of County Commr's of Bryan County v. Brown*, 520 U.S. 397, 412-15 (1997) (insisting upon a causation link between knowledge of past physical violence and the

likelihood of this particular injury). In this context, no deliberate indifference is shown unless the plainly obvious consequence of the decision to place Allen in the same cell as Plaintiff would be that Allen would use violence against the Plaintiff. But the Complaint does not allege that either Walker or Carr made the decision to place the prisoners together; or that either Defendant was aware of Allen's tendency toward violence in general or toward fellow inmates in particular; or that any other facts existed tending to show that the decision to place Allen in Carr's cell was done in reckless disregard of Plaintiff's safety.

Knowledge that Allen was being held on "high-profile charges and was subject to a $1,000,000 bond does not constitute knowledge that Allen posed a danger to anyone else with whom he shared a cell, or to the Plaintiff in particular. Plaintiff alleges that Allen had previously been "aided by unidentified law enforcement officials in committing physical violence and/or suicide attempts," but does not allege that either Defendant knew of those events, or show how such knowledge helps show the recklessness or deliberate indifference necessary for his 1983 claim. No constitutional violation has thus been alleged.

### 2. Supervisory Liability

From the lack of specific allegations in Plaintiff's Complaint against either Defendant, the Court presumes that Plaintiff's claims against the

Defendants are based on their status as supervisory officials at the Linn County Jail.

> Supervisory liability "allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements … a policy … which subjects, or causes to be subjected that plaintiff to the deprivation of any rights … secured by the Constitution." *Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied,* ––– U.S. ––––, 131 S.Ct. 2150, 179 L.Ed.2d 935 (2011) (quotation omitted).
> Section 1983 does not authorize liability under a theory of respondeat superior. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, to establish supervisory liability, a plaintiff must show that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds,* 614 F.3d at 1199.

*Brown v. Montoya*, 662 F.3d at 1164.

To establish supervisory liability, Plaintiff would have to show that the named Defendant promulgated or was responsible for a policy that caused the constitutional harm, and acted with the state of mind required to establish the alleged constitutional deprivation. *See Dodds,* 614 F.3d at 1199. But the Complaint fails allege the existence of any policy, and fails to make these required allegations, either as to Sheriff Walker or as to Jailer Carr. No plausible basis for supervisory liability has thus been shown.

### B. Official Capacity Claims

"A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989). But a municipality

cannot be liable absent an underlying constitutional violation by one of its officers. *See, e.g., Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 131 (10th Cir. 1998). Because the Complaint fails to allege an Eighth Amendment violation by either Walker or Carr, as noted above, no basis for municipal liability is shown.

### C. Matters Not Reached

The Court finds it unnecessary to reach Defendants' assertions that they are entitled to qualified immunity on Plaintiff's individual capacity claims, or that they are shielded by the Eleventh Amendment on Plaintiff's official capacity claims.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Dk. 11) is granted.

Dated this 11th day of December, 2012, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge